IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01611-WYD-CBS

KAREN ROVENSTINE;
DELORES BACA;
RONALD VIALPANDO;
JUANITA DEHERRERA;
DAVID CAMPBELL; and
RHONDA BATSON,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY;
AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN;
LISA MAYA; and
BARRY ACTON,

    Defendants.

## ORDER OF REMAND

THIS MATTER is before the Court on a review of the Notice of Removal filed July 30, 2008 and Plaintiffs' Motion to Remand filed August 1, 2008. By way of background, this case arises from automobile accidents in which Plaintiffs allegedly received physical injuries entitling them to benefits under the Colorado Auto Accident Reparations Act. Each Plaintiff filed Personal Injury Protection ("PIP") claims with American Family Mutual Insurance Company.

On July 30, 2008, Defendants filed a notice of removal asserting that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1). Defendants asserted therein that the amount in controversy requirement was satisfied. Further, Defendants asserted that

Plaintiffs are residents of the State of Colorado and Defendants American Family Mutual Insurance Company and American Standard Insurance Company of Wisconsin are citizens of the State of Wisconsin. Defendants conceded that Defendants Acton and Maya are citizens of the State of Colorado and that this would appear to defeat diversity jurisdiction. However, Defendants argued that Acton and Maya were fraudulently joined in order to defeat diversity jurisdiction.

After carefully reviewing the pleadings, I find that this case must be remanded based on the failure of the Defendants to show that the amount in controversy is satisfied.[1] The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). If the jurisdictional amount is not shown by the allegations of the complaint, "[t]he burden is on the party requesting removal to set forth, in the notice of removal itself, the 'underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000].'" *Laughlin*, 50 F.3d at 873 (quotation omitted). In other words, the amount in controversy must be affirmatively established on the face of either the petition or notice of removal. *Id.* The removal statute is construed narrowly. *Martin*, 251 F.3d at 1289.

In this case, the allegations of the complaint do not show that the amount in controversy exceeds $75,000, as required to establish diversity jurisdiction. 28 U.S.C.

---

[1] In light of my finding that the amount in controversy has not been satisfied, I need not address the issue of whether Defendants Acton and Maya were fraudulently joined.

§ 1332(a)(1).  Thus, I turn to the notice of removal.  The notice of removal fails to allege any specific amount of damages.  Instead, the notice merely states that the

> Plaintiffs assert a claim for statutory PIP breach of contract under § 10-4-708, C.R.S. (2002).  Under the § 10-4-708 claim, plaintiffs assert that PIP benefits in excess of basic PIP benefits were wilfully and wantonly not paid in a timely manner and plaintiffs seek to recover, under § 10-4-708, treble the amount of PIP benefits not paid in a timely manner, plus 18% interest on untimely paid benefits.  While not capable of a precise calculation at this phase of the proceeding, this component of damages under § 10-4-708, C.R.S. (2002), must be factored into evaluating the amount sought by plaintiffs.

(Notice of Removal ¶ 20.)

The Notice of Removal also states that Plaintiffs seek an award of attorney fees under § 10-4-708, which must be factored into the evaluating the amount sought by Plaintiffs.  (*Id.*, ¶ 21.)  Further, the Notice of Removal references that Plaintiffs are asserting a common law bad faith claim, wherein they can recover economic and noneconomic damages.  (*Id.*, ¶ 22.)  The noneconomic damages are capped at $366,250, barring a court's order finding that the evidence justifies exceeding the cap.  (*Id.*)  Defendants conclude that "the allegations of plaintiffs' bad faith claim, when combined with the statutory damages sought under § 10-4-708, C.R.S. (2002), establish that plaintiffs are seeking more than $75,000." (*Id.*)  Finally, the Notice of Removal references the civil cover sheet filed in state court contemporaneously with the complaint which represents that the plaintiffs are seeking a monetary judgment for more than $100,000.00, exclusive of interest and costs.  (*Id.*, ¶ 24.)

I find that the Notice of Removal's vague statements in connection with the amount in controversy and the reference therein to the civil cover sheet filed in state

court are not sufficient to establish that the jurisdictional amount is satisfied. The amount in controversy has not been affirmatively established on the face of either the Complaint or the Notice of Removal as required by 28 U.S.C. § 1332(a)(1). Further, as to reliance on the civil cover sheet, a number of cases from this Court have held that reliance solely on the civil cover sheet filed in state court to establish the jurisdictional amount is insufficient, and I incorporate their reasoning herein. *See Baker v. Sears Holding Corp.*, No. 07-cv-01106-MSK-MEH, 2007 WL 2908434, at * 3-4 (D. Colo. 2007); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534,25 at *1 (D. Colo. 2007); *Hardin v. Sentinel Ins. Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007); *Bishelli v. State Farm Mut. Automobile Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2007 WL 1455852, at *3 (D. Colo. 2007); *see also Dean v. Illinois Nat. Ins. Co.*, Civil Action No. 07-cv-01030-MSK-MJW (Order Remanding Action) (October 5, 2007).

In finding that Defendants have not established the jurisdictional amount, I am guided by the strong presumption against removal of civil actions to federal court based on diversity jurisdiction. Accordingly, it appears that the Court lacks subject matter jurisdiction over this action and I find that this matter must be remanded to the State Court. *See* 28 U.S.C. § 1447(c). It is therefor

ORDERED that the Clerk of Court is directed to **REMAND** this action to the District Court, County of El Paso, Colorado from which the case was removed.

Dated: August 4, 2008

                               BY THE COURT:

                               <u>s/ Wiley Y. Daniel</u>
                               Wiley Y. Daniel
                               U. S. District Judge